UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOSHUWA SINCLAIR HERNANDEZ,<br>Defendant. | Case No. 18-cr-00233-PJH-1<br><br>**ORDER REVOKING PRETRIAL RELEASE ORDER; ORDER OF PRETRIAL DETENTION** |

On September 28, 2018, the court held a hearing and heard argument on the government's appeal of the magistrate judge's order granting pretrial release to defendant Joshuwa Sinclair Hernandez. Having considered the relevant legal authority, the reports of Pretrial Services, the evidence in the record, the statement by defendant, and the arguments of counsel, the court revokes the pretrial release order of the magistrate judge and orders that defendant be detained pending trial pursuant to 18 U.S.C. § 3142(e).

The court reviews de novo a magistrate judge's order regarding pretrial detention. *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990).

The Bail Reform Act of 1984 governs the detention of a defendant pending trial and provides for pretrial release unless the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). A finding that the defendant is a danger to any other person or the community must be supported by "clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(B). By contrast, the government need

only show by a preponderance of the evidence that the defendant poses a flight risk. *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985).

The court considers the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of any other person and the community: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986); *Motamedi*, 767 F.2d at 1407.

Looking first to the nature and circumstances of the charged offense, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), defendant is charged with possessing a loaded 9mm semi-automatic pistol, having previously been convicted of a felony for assault with firearm on a person. The circumstances of the instant offense, where the evidence shows that defendant was again in possession of a firearm which he hid in the candy aisle of a liquor store, demonstrates disregard for public safety. The weight of the evidence is considerable given that defendant's actions were captured on video surveillance and officers retrieved the firearm in that location after apprehending him. Considering defendant's history and characteristics, defendant's criminal history reflects a series of offenses involving firearms and violent conduct, as summarized in the September 6, 2018, Pre-Bail Report prepared by Pretrial Services. The facts that defendant was on parole at the time of the instant offense, and that he left a residential

1 drug treatment program and absconded from parole supervision in January 2018, weigh
2 most heavily against finding any conditions of release that will reasonably assure the
3 appearance of the defendant and the safety of the community, as these facts
4 demonstrate that active supervision did not deter defendant's criminal behavior nor did it
5 compel his compliance with lawful directives of his parole officer.

Defense counsel presented mitigating factors of childhood trauma, substance abuse and mental health concerns to explain defendant's prior conduct, but those considerations do not outweigh the evidence demonstrating that defendant presents a danger to the community. Having reviewed the record, particularly defendant's conduct within the past year, which includes violent behavior toward his girlfriend, absconding from a drug program altogether rather than raising his concerns about the program with his parole officer, and further involvement with firearms, all while on parole, the court finds that the government has demonstrated by clear and convincing evidence that defendant poses a danger to the community and that no condition of release or combination of conditions will reasonably assure the safety of the community.

The government appeals from the pretrial release order on the alternative grounds that defendant is a flight risk and that the sureties have not made a sufficient showing that they have adequate assets. Defense counsel presented supporting factors of family ties that weigh against finding that defendant poses a risk of flight out of the jurisdiction, given his life-long residency in this district and his local family connections, particularly his sisters who agreed to be personal sureties. While defendant's history on parole raises concerns that defendant might fail to appear in court, the court is not particularly concerned that defendant will flee the jurisdiction. The court does not find that pretrial detention is warranted on either ground of flight risk or inadequate sureties.

For the reasons set forth above and stated on the record, the court REVOKES the pretrial release order issued by the magistrate judge and ORDERS that defendant be detained pending trial as follows:

The defendant is remanded to the custody of the Attorney General or to the

Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

18 U.S.C. § 3142(e), (i).

**IT IS SO ORDERED.**

Dated: October 1, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge